**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JESSE R. HALTERMAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0432-16-0833-C-1 |
| 　　　v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: June 23, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Allison B. Eddy, Esquire, and Neil C. Bonney, Esquire, Virginia Beach,
　　Virginia, for the appellant.

Lorna Jerome, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**ORDER**

¶1　　　　The agency has filed a petition for review, and the appellant has filed a
cross petition for review of the compliance initial decision, which granted the
appellant's petition for enforcement in part.　For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.　Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.　In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.　See 5 C.F.R. § 1201.117(c).

DENY the petition for review and GRANT the cross petition for review. We REVERSE the administrative judge's finding of compliance regarding the interest on back pay for pay period 16 of 2016 (PP16/2016). We AFFIRM the remainder of the compliance initial decision, except as expressly MODIFIED to clarify the analysis concerning the deductions for retroactive life insurance premiums and the sufficiency of the agency's evidence of compliance with its obligations to pay interest on back pay, and to address the appellant's claims that the agency's delay in processing his back pay caused him to lose profits on his Thrift Savings Plan (TSP) account contributions.

## BACKGROUND

¶2      The appellant filed a Board appeal challenging the agency's decision to remove him from Federal service, which the parties settled. *Halterman v. Department of Homeland Security*, MSPB Docket No. DC-0432-16-0833-I-1, Initial Appeal File (IAF), Tab 21 at 4-7, Tab 22, Initial Decision (ID) at 1-2. After determining that the parties understood and voluntarily entered into the settlement agreement and that it was lawful on its face, the administrative judge issued an initial decision that dismissed the appeal as settled and entered the agreement into the record for enforcement purposes. ID at 1-2. The initial decision became final on February 17, 2017, after neither party filed a petition for review. ID at 3.

¶3      In relevant part, the parties agreed that, by March 16, 2017, the agency would provide the appellant with a clean record and "back pay and benefits (to include overtime pay and leave accrual) retroactive to August 17, 2016 through January 13, 2017," and make "[a]ppropriate deductions . . . to cover benefits premiums and/or contributions."[2]  *Halterman v. Department of Homeland*

---

[2]  We take into account that, according to the National Finance Center (NFC) pay calendars, the back pay period began in PP16/2016 and ended in pay period 01 of 2017. Department of Agriculture, NFC, 2016 Pay Period Calendar, https://www.nfc.usda.gov/Publications/Forms/1217n_16.pdf (last visited June 22,

*Security*, MSPB Docket No. DC-0432-16-0833-C-1, Compliance File (CF), Tab 1 at 9-11; IAF, Tab 21 at 4.

¶4        The appellant filed this petition for enforcement claiming that the agency failed to provide back pay for PP16/2016 and pay period 01 of 2017 (PP01/2017) or any interest on back pay, improperly deducted life insurance premiums from his back pay, and did not correct his employment records.  CF, Tab 1 at 5-7.  He requested attorney fees and costs in connection with the petition for enforcement. *Id.* at 7.  In response, the agency argued that it was in compliance because it paid the appellant all of the back pay and interest owed, made the appropriate deductions from his back pay, and corrected his Standard Form 50 (SF-50).  CF, Tab 3 at 4-6.  In support, the agency submitted sworn declarations from two Human Resource (HR) Specialists; a declaration from the Chief of the Retirement and Benefits Service Center; relevant back pay regulations; payroll and back pay information; and the Federal Government Employees' Life Insurance (FEGLI) Program Handbook issued by the Office of Personnel Management.  *Id.* at 7-42.

¶5        In reply, the appellant asserted that the agency failed to pay the back pay owed for PP16/2016 within the "requisite timeframe."  CF, Tab 1 at 9-11, Tab 4 at 4.  Similarly, he claimed that the interest payment supposedly made on the entire back pay was untimely and that there was no indication the payment covered all of the interest owed.  CF, Tab 4 at 5-6.  He also argued that the agency's deduction for retroactive life insurance premiums violated 5 C.F.R. § 550.805(e)(3)(iv)(B), a regulation implementing the Back Pay Act.  *Id.* at 7-9. He further claimed that the agency failed to deduct his TSP contributions from his back pay for PP01/2017 or to make matching contributions, and that, although TSP deductions had been made from his back pay for other pay periods, those funds and the agency's matching contributions had not yet appeared in his TSP

2022); Department of Agriculture, NFC, 2017 Pay Period Calendar, https://www.nfc.usda.gov/Publications/Forms/1217n_17.pdf (last visited June 22, 2022).

account.  CF, Tab 3 at 9, Tab 4 at 5, 12, 15.  Finally, he alleged that the agency failed to timely issue his resignation SF-50 and to show it cancelled the removal SF-50.  CF, Tab 4 at 9.

¶6	The administrative judge issued a compliance initial decision, granting the appellant's petition for enforcement in part.  CF, Tab 7, Compliance Initial Decision (CID) at 1, 10.  She applied the Back Pact Act in analyzing the appropriateness of the agency's back pay and interest payments.  CID at 6.  As to the appellant's claim that the agency had not yet paid him back pay, she found that, although the agency initially breached the settlement agreement by failing to pay the appellant back pay for PP16/2016, that issue was moot because the agency paid the appellant the outstanding back pay on March 24, 2017, and interest on March 29, 2017.  CID at 6.  She further found that the agency timely paid the appellant during the normal pay cycle for PP01/2017 and that the appellant was not entitled to additional interest for that pay period because the agency computed the interest through January 30, 2017, which was within 30 days of the date the payment was actually made, February 24, 2017, as permitted by Back Pay Act provision 5 U.S.C. § 5596(b)(2)(B)(i).  CID at 6-7.

¶7	The administrative judge found the agency in partial noncompliance because it failed to make the necessary TSP deductions for PP01/2017 and ordered the agency to make the appropriate deductions from the back pay and contributions to the appellant's TSP account.  CID at 9.  She found the agency in compliance regarding the remaining TSP contributions because, although the TSP contributions had not yet appeared in the appellant's TSP account, the agency had proven it had made the deductions from back pay as of March 10, 2017.  *Id.*; CF, Tab 1 at 17.  She found that the settlement agreement, which allowed for "appropriate deductions" to be made from the back pay, permitted the agency to deduct retroactive life insurance premiums, and that 5 C.F.R. § 550.805(e)(3)(iv)(B) was inapplicable absent a finding that the removal was

erroneous. CID at 7-8. Finally, she found that the agency corrected the appellant's SF-50, as required. CID at 8-9.

¶8 The agency has filed a petition for review of the compliance initial decision challenging the administrative judge's findings of noncompliance with its TSP obligations. Compliance Petition for Review (CPFR) File, Tab 1. The appellant has submitted a response, in which he agrees with the administrative judge's finding as to his entitlement to TSP contributions for PP 01/2017, but nonetheless waives that claim "to avoid a debt collection procedure." CPFR File, Tab 3 at 15. Accordingly, we dismiss the agency's petition for review as moot. *See Uhlig v. Department of Justice*, 83 M.S.P.R. 29, ¶ 7 (1999) (finding an appeal moot when there is no effective relief the Board can grant).

¶9 The appellant also has filed a cross petition for review. CPFR File, Tab 3 at 4. He does not challenge the administrative judge's finding concerning his revised SF-50. However, he disputes her remaining findings. *Id.* As argued below, he claims that the agency has not shown that it paid him the appropriate interest owed on the back pay, improperly deducted retroactive life insurance premiums from his back pay, and breached the settlement agreement by failing to pay the full back pay amount and interest within the agreed-upon timeframe. *Id.* at 10-15. He indicates that he received the TSP contributions on the remainder of his back pay in his TSP account in May 2017. CPFR File, Tab 3 at 7. According to the appellant, this delay in transferring the funds caused him to lose profits. *Id.* at 15 n.2. He requests that the Board order the agency to submit additional information explaining its interest computations, reimburse his FEGLI deductions, and pay "reasonable attorney's fees incurred in the compliance action." *Id.* at 15-16. The agency has filed a response and addendum to its response to the appellant's cross petition. CPFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶10    A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, [121 M.S.P.R. 299](), ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.* The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id.*

<u>The appellant is not entitled to reimbursement for the retroactive FEGLI deductions.</u>

¶11    The appellant disagrees with the administrative judge's finding that the agency properly deducted retroactive FEGLI contributions from his back pay. CID at 7-8. He argues that he did not experience either of the qualifying conditions of death or accidental dismemberment set forth in [5 C.F.R. § 550.805](e)(3)(iv)(B), which he claims is applicable even absent a finding that his removal was erroneous. CPFR File, Tab 3 at 13-14. He claims that the agency therefore should not have deducted retroactive life insurance premiums from his gross back pay. *Id.*

¶12    An agency generally must withhold "from the employee's pay a share of the cost of the [FEGLI] insurance" for each period during which an employee is insured. [5 U.S.C. § 8707](a). Section 550.805(e)(3)(iv) states that it is "consistent with" [5 U.S.C. § 8706](e).[3] Under [5 U.S.C. § 8706](e):

---

[3] We interpret [5 C.F.R. § 550.805](e)(3)(iv) in a manner consistent with [5 U.S.C. § 8706](e), to which it expressly refers. *See Hesse v. Department of the Army*, [104 M.S.P.R. 647](), ¶ 16 (2006) (declining to defer to regulations that were inconsistent with the applicable statutory provision and its legislative history). Although [5 C.F.R. § 550.805](e)(3)(iv) cites to [5 U.S.C. § 8706](d), as the result of a statutory amendment, the provision was relocated to [5 U.S.C. § 8706](e). National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 1102(1), 122 Stat. 3, 345. To the extent

> If the insurance of an employee stops because of separation from the service or suspension without pay, and the separation or suspension is thereafter officially found to have been erroneous, the employee is deemed to have been insured during the period of erroneous separation or suspension. Deductions otherwise required by section 8707 of this chapter shall not be withheld from any backpay awarded for the period of separation or suspension unless death or accidental dismemberment of the employee occurs during such period.

When an agency agrees to pay an appellant back pay and benefits without admitting wrongdoing, the exception for FEGLI deductions in 5 U.S.C. § 8706(e) does not apply. *Alfonso v. Department of Justice*, 96 M.S.P.R. 266, ¶¶ 7-8 (2004); IAF, Tab 21 at 4. Rather, the exception for FEGLI deductions set forth in section 8706(e) only applies when there has been an official finding of wrongdoing. *Alfonso*, 96 M.S.P.R. 266, ¶ 8. In the context of a settlement agreement, the parties can bargain to except FEGLI from the back pay award. *Id.* (explaining that because an appellant who settled his appeal with the agency had the opportunity to bargain for or to reject FEGLI coverage, section 8706(e) was inapplicable).

¶13    Although the appellant argues that the agency has admitted that it removed him without providing him with due process, there has been no official Board finding of wrongdoing. CPFR File, Tab 3 at 13 n.1; CF, Tab 3 at 5. There is no indication that the appellant declined FEGLI coverage when entering into the agreement, the agreement allowed for "[a]ppropriate deductions" from the back pay, and the parties agreed it "d[id] not constitute an admission of wrongdoing by either party." IAF, Tab 21 at 4. The appellant subsequently declared that he would have declined coverage if asked, CF, Tab 4 at 12, but by signing the agreement, he affirmed "that he ha[d] been provided with the opportunity to thoroughly discuss all aspects of this Settlement Agreement with his private

---

that the administrative judge relied exclusively on the language of the regulation, without looking to 5 U.S.C. § 8706(e), we modify the initial decision. CID at 7-8.

attorneys," IAF, Tab 21 at 6.  Accordingly, we find that the deduction prohibition in 5 U.S.C. § 8706(e) is inapplicable.  Thus, we find that the retroactive FEGLI deductions were permitted under 5 U.S.C. § 8707(a).

The administrative judge properly found the agency's failure to pay back pay and interest for PP16/2016 on time was rendered moot by subsequent payments.

¶14     The appellant reasserts his claim that the agency violated the settlement agreement by failing to pay him back pay and interest for PP16/2016 within the agreed upon deadline, apparently in disagreement with the administrative judge's finding that such claim was moot.[4]  CPFR File, Tab 3 at 14-15; CID at 6.  The administrative judge found that the agency's delayed payments for this pay period breached the settlement agreement, but that the claim was moot.  CID at 6.  Because the appellant received the outstanding back pay for PP16/2016, and he is not seeking to rescind the agreement, there is no more relief the Board may provide.  CPFR File, Tab 3 at 14-16.  We therefore agree with the administrative judge that this claim is moot.  ID at 6; *see Burke*, 121 M.S.P.R. 299, ¶ 13 (dismissing as moot the appellant's petition for enforcement because there was no meaningful relief that the Board could provide).

The agency complied with its obligations to provide the appellant the interest owed on the back pay for pay period 17 of 2016 (PP17/2016) to PP01/2017, but is in noncompliance with its obligations regarding the interest on back pay for PP16/2016.

¶15     The appellant argues that the administrative judge erred in finding that the evidence the agency submitted below was sufficient proof of compliance with its obligations to pay the appellant interest on his back pay.  CPFR File, Tab 3 at 10-12, 15.  We agree and modify this part of the initial decision.  The evidence below reflects that the agency paid the appellant interest on back pay of $615.06

---

[4] The parties do not dispute the administrative judge's finding that they intended to apply to the settlement agreement the statutory definition of back pay from the Back Pay Act.  CID at 6.  They also do not dispute that, as a result, the back pay provision of the settlement agreement requires the agency to pay interest.  *Id*.; 5 U.S.C. § 5596(b)(2)(A).  We decline to disturb this finding on review.

and $71.47.  CF, Tab 3 at 7-8, 12, Tab 4 at 11.  That is not satisfactory evidence of compliance.  To be in compliance with the requirement that it pay the appellant interest, the agency must produce evidence of the rate at which it paid interest and show its calculations so that the Board could determine if it properly paid interest on back pay.  *Tubesing v. Department of Health & Human Services*, 112 M.S.P.R. 393, ¶ 17 (2009); *see* 5 C.F.R. § 1201.183(a)(1)(i) (explaining that an alleged noncomplying party must submit evidence of compliance in response to a petition for enforcement, including a narrative explanation of the calculation of back pay and other benefits, and supporting documents).

¶16    As to the interest on back pay for PP17/2016 to PP01/2017, the agency has provided sufficient information on review to prove that it complied with its obligation.  CPFR File, Tab 5 at 7-15, Tab 6 at 6-7.  We have considered this evidence.  *See Singletary v. U.S. Postal Service*, 84 M.S.P.R. 211, ¶ 5 (1999) (relying on the agency's evidence of compliance submitted on review in dismissing the appellant's petition for review of the compliance initial decision as moot).

¶17    In her supplemental declaration, an HR Specialist asserts that the agency paid the appellant the correct interest payments from August 21, 2016, to March 17, 2017.  CPFR File, Tab 5 at 7.  The two payroll reports submitted on review reflect that on March 15, 2017, the agency requested manual payments of $615.06 for the back pay issued for PP17/2016 to PP01/2017, and $71.47, for the lump sum payment for 96 hours of annual leave.  *Id.* at 14-15.  The back pay computation summary report reflects that the interest for those two payments accrued from August 21, 2016, and August 25, 2016, respectively, to March 17, 2017.  *Id.* at 9-11; IAF, Tab 3 at 17.  The appellant has not challenged the veracity of the salary, interest rate, or date ranges relied upon in that computation.  We find that the appellant is not entitled to additional interest for that period because, as computed, the payment covered the effective dates of those agency actions to March 17, 2017, 4 days before the appellant received that

interest payment. *Id.*; CF, Tab 3 at 12, Tab 4 at 11; *see* 5 C.F.R. § 550.806(a)(1) (beginning the interest accrual on "the date or dates . . . on which the employee would have received the pay, allowances, and differentials if the unjustified or unwarranted personnel action had not occurred"), § 550.806(a)(2) (permitting the agency to select a date for the interest accrual to end "that is no more than 30 days before the date of the back pay interest payment").

¶18  Although the appellant contends that this interest payment was untimely, we disagree.[5]  CPFR File, Tab 3 at 11.  On March 15, 2017, the agency submitted a manual request for the interest payment on the back pay for PP17/2016 through PP01/2017 and the annual leave lump sum payment.  CPFR File, Tab 5 at 14-15; CF, Tab 3 at 7-8, 12.  The appellant received this money in his account on March 21, 2017, 5 days after the March 16, 2017 deadline for providing the appellant with back pay and benefits.  CF, Tab 1 at 9-11, Tab 4 at 11; IAF, Tab 21 at 4.  Even assuming this delay was a material breach of the agreement, the issue is now moot.  *See Burke*, 121 M.S.P.R. 299, ¶ 13; *Langston v. Department of the Army*, 84 M.S.P.R. 597, ¶ 8 (1999) (finding compliance because the agency issued the payment before the 60-day deadline, even though the appellant did not receive it by that date).

¶19  However, as to the interest on back pay for the period of August 17-20, 2016, or PP16/2016, the agency still has not submitted any evidence that it paid the appellant, despite its assertion to the contrary.  CPFR File, Tab 5 at 4-5.  We therefore find the agency in noncompliance with the settlement agreement by failing to pay the appellant interest on his back pay for that period.  *See Rivera v. U.S. Postal Service*, 107 M.S.P.R. 542, ¶ 7 (2007) (finding the agency in noncompliance with the settlement agreement because it failed to pay the appellant interest on the back pay award).

---

[5] As on review, the appellant argued on appeal that the agency breached the settlement agreement by failing to pay the interest by March 16, 2016.  CF, Tab 4 at 5.  The administrative judge did not consider this claim.  We consider it on review.

<u>The appellant's claim that he lost profits on his TSP contributions due to agency delay does not provide a basis for review.</u>

¶20    With the exception of the appellant's TSP contributions for PP01/2017, the administrative judge found the agency in compliance regarding the appellant's TSP contributions because, although they had not yet appeared in his TSP account, the agency proved it had made the deductions from back pay as of March 10, 2017. CID at 9; CF, Tab 1 at 17. The appellant asserts on review that he received contributions in May 2017, but that the delay caused him to lose profits.[6] CPFR File, Tab 3 at 7, 15 n.2.

¶21    The TSP was established by the Federal Employees' Retirement System Act of 1986 (FERSA), Pub. L. No. 99-335, 100 Stat. 514 (codified as amended largely at 5 U.S.C. §§ 8351 and 8401-80), and has been implemented by the Federal Retirement Thrift Investment Board (FRTIB) through regulations at 5 C.F.R. part 1600. The agency was required to comply with the FERSA and with the applicable TSP regulations in issuing the appellant's back pay. *See* 5 C.F.R. § 550.805(h) (requiring agencies to "correct errors that affect an employee's [TSP] account" when paying back pay, consistent with FRTIB regulations). Pursuant to FRTIB regulation 5 C.F.R. § 1605.13, a TSP participant who receives back pay is entitled to "breakage," or the loss or gain that he would have incurred or realized on his shares had his separation not occurred.[7] 5 C.F.R. §§ 1605.1, .13(a)(3).

¶22    As to the appellant's breakage, the agency must show that it requested the FRTIB to compute interest and lost earnings. *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 16 (2012). On review, the agency submitted the appellant's

---

[6] The appellant's claim that the agency's delay in posting his TSP contributions to his account caused him to lose profits is distinct from his claim that the agency failed to make the required TSP deductions and matching contributions for PP01/2017, which he waived. PFR File, Tab 3 at 15.

[7] Unlike 5 U.S.C. § 8706(e), which governs retroactive FEGLI payments from back pay awards, the FRTIB regulation entitling the appellant to breakage, 5 C.F.R. § 1605.13, does not require a finding that the agency action was erroneous.

TSP transaction history report, which reflects that late contributions and associated breakage for each contribution was deposited in the appellant's account between March and May 2017. PFR File, Tab 1 at 7-15. This evidence indicates that the agency made the required request to the FRTIB.

¶23 Furthermore, breakage is calculated as the difference between the "as of date," which is the date the TSP contribution should have been made, and "the date the contribution is posted to the [TSP] account." 5 C.F.R. §§ 1605.1, .2(b)(1)(iv). There is no dispute as to the accuracy of the "as of" dates or the "posted" dates. Further, many of the posting dates reflect that payment was not made until May 2017. PFR File, Tab 1 at 7-15. The TSP, not the agency, is responsible for calculating breakage. 5 C.F.R. § 1605.2(a). Thus, the appellant's vague allegation that he lost profits because his contributions did not post to his account until May 2017, does not rebut the agency's evidence of compliance. *See Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011) (explaining that the appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance). Accordingly, the appellant has not met his burden of proving that the agency failed to comply with its obligations concerning his breakage. *See Burke*, 121 M.S.P.R. 299, ¶ 8 (explaining that the ultimate burden remains with the appellant to prove breach by a preponderance of the evidence).

The appellant's request for attorney fees is premature.

¶24 The appellant has renewed his request for attorney fees in connection with these compliance proceedings. CPFR File, Tab 3 at 15-16. No final decision has been issued in this compliance matter; therefore, we need not address his request because it is premature. *See Galatis v. U.S. Postal Service*, 109 M.S.P.R. 651, ¶ 14 (2008); 5 C.F.R. § 1201.203(d) (requiring a motion for attorney fees to be filed as soon as possible after a final decision of the Board but no later than 60 days after the date on which a decision becomes final).

¶25     Accordingly, because we find the agency in noncompliance, the agency is directed to file evidence of compliance with the Clerk of the Board. The appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of that proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the compliance initial decision[8] and setting forth the appellant's further appeal rights and right to attorney fees, if applicable.

## ORDER

¶26     We ORDER the agency to submit to the Clerk of the Board within 45 days of the date of this decision satisfactory evidence of compliance with this decision. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submitting evidence and a narrative statement of compliance. The agency's submission must include proof that it properly paid the appellant the interest owed on back pay for PP16/2016 that has accrued from August 17, 2016. We ORDER the appellant to cooperate in good faith in the agency's efforts to issue the outstanding interest on back pay due and to provide all necessary information the agency requests to help it carry out the Board's Order. The agency must serve all parties with copies of its submission.

---

[8] The subsequent decision may incorporate the analysis and findings set forth in this Order.

¶27 **The Board will assign a new docket number to this matter, DC-0432-16-0833-X-1.** All subsequent filings should refer to the new docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶28 The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

¶29 The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶30     This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon final resolution of the remaining issues in this petition for enforcement by the Board, a final order shall be issued which shall be subject to judicial review.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.